Jerry SAENZ, Plaintiff-Appellant,

v.

Warren YOUNG, Defendant-Appellee.

No. 86–1267.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 19, 1986.

Decided Feb. 19, 1987.

---

Jerry Saenz, Waupun, Wis., for plaintiff-appellant.

Steven F. Gruel, Lee, Johnson, Kilkelly & Nichol, S.C., Madison, Wis., for defendant-appellee.

Before POSNER, FLAUM, and MANION, Circuit Judges.

POSNER, Circuit Judge.

This suit for damages, brought by a state prisoner against his warden under section 1 of the Civil Rights Act of 1871, now 42 U.S.C. § 1983, charges procedural irregularities in disciplinary proceedings against the plaintiff. The suit was dismissed on the defendant's motion for summary judgment and the plaintiff appeals. Only one issue merits discussion in a published opinion; the others are being disposed of in an unpublished order also issued today. That issue relates to a conduct report which charged the plaintiff with attempted battery and disruptive conduct. A prison disciplinary committee found him guilty of attempted battery and imposed discipline, which the warden approved. The issue is whether the committee gave a constitutionally adequate statement of the evidentiary basis for its finding.

The conduct report, filled out and signed by a correctional officer, stated that the officer had seen the plaintiff throw a cup of hot coffee, then a cup of some other liquid, followed by a carton of milk, at another inmate, and then spit twice in that inmate's face. The report said that another officer (whom the report names) had also seen the incident. The disciplinary committee noted that at the hearing before the committee the plaintiff had denied that the incident had taken place and had said that he didn't know whom he was supposed to have attacked. The committee also noted that the plaintiff's lay advocate ("jailhouse lawyer") had remarked that it seemed highly unlikely anyone would stand around long enough for all these things to happen. The committee then stated simply: "Officer Fabry's written statement supports the finding of guilt that an attempt was made by Inmate Saenz to commit battery upon the [other] inmate." That is the only statement of the grounds of the committee's decision and the plaintiff argues that it is not detailed enough to satis-

fy the requirements of due process of law. He has waived any argument that he was denied the right to call witnesses or confront his accusers, by not raising these issues in the district court.

A prison disciplinary committee is required to give a brief statement of the evidentiary basis for its decision to administer discipline, so that a reviewing court, parole authorities, etc. can determine whether the evidence before the committee was adequate to support its findings concerning the nature and gravity of the prisoner's misconduct. *Wolff v. McDonnell,* 418 U.S. 539, 564–65, 94 S.Ct. 2963, 2978–79, 41 L.Ed.2d 935 (1974). Ordinarily a mere conclusion that the prisoner is guilty will not satisfy this requirement. See *Hayes v. Thompson,* 637 F.2d 483, 492 (7th Cir.1980); *Chavis v. Rowe,* 643 F.2d 1281, 1283, 1287, 1289 (7th Cir.1981); *Redding v. Fairman,* 717 F.2d 1105, 1114–15 (7th Cir. 1983); *Akbar v. Fairman,* 788 F.2d 1273, 1275–76 (7th Cir.1986); but see *Brown v. Frey,* 807 F.2d 1407 (8th Cir.1986). But in all of our previous cases, except *Redding,* either the charge or the evidence was much more complicated than here; in *Hayes* for example the prisoner was charged with having organized a conspiracy to mutiny against the prison authorities. See 637 F.2d at 484–85. Where the charge is complex and the committee fails to explain its findings, the reviewing court will find it difficult and maybe impossible to determine whether the committee on the one hand found facts showing that the prisoner really was guilty of the charge, or on the other hand based the finding of guilt on erroneous legal premises. In *Redding* the charge was simple enough but the court was troubled by use of the rote phrase "based on all evidence" (or "all evidence presented") to introduce the committee's conclusion. See 717 F.2d at 1115. Such a formula, not found in the present case, is the antithesis of specifying the evidence relied on.

Here it is plain that the committee relied on the reporting officer's eyewitness account. Either the plaintiff threw the cof-

fee and did the other things recited in the conduct report, and was guilty of battery, or he didn't do those things, and was not. Obviously, therefore, the committee believed the conduct report and disbelieved the plaintiff. As there is no mystery about its reasoning process, despite the extreme brevity of its statement of reasons, that statement is not so deficient as to create error of constitutional magnitude. See *Brown v. Frey, supra; King v. Wells,* 760 F.2d 89, 94 (6th Cir.1985); *Dyson v. Kocik,* 689 F.2d 466, 468 (3d Cir.1982) (dictum).

We do not say it would be prudent and acceptable for prison disciplinary committees to divide their cases into the simple and the complex, and give reasons only in the latter. It would not be. The law of prisoners' rights is complicated enough without such a distinction, which anyway can never be precise because there is no sharp line between the simple and the complex. The prudent committee will give a statement of reasons in every case, rather than invite a lawsuit that it may lose if the court disagrees with where the committee drew the line. All that the committee would have had to say here was that it believed the conduct report, or specific parts of it, and disbelieved the prisoner; and we trust that in future cases prison disciplinary committees will do that and head off the type of dispute that has arisen in this case. But we do not think the omission of the statement violated the Constitution. A statement of reasons has no particular value in itself. It is instrumental to the goal of making sure that prisoners are not subjected through sloppy procedures to an undue risk of being disciplined for things they have not actually done. As that risk did not materialize here, we find no denial of due process—but we warn the prison authorities that they act at their peril in failing to state the reasons for administering discipline.

A~FFIRMED.~