960 F.2d 151
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Rodney PHILLIPS, Plaintiff-Appellant,
v.
Robert CALDWELL, C.W. Groom, J.C. Alemond, D. Gannon, Ronald
J. Haws, and Michael P. Lane, Defendants-Appellees.
 No. 90-3638.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1992.[1]
Decided April 23, 1992.
 
 Before CUMMINGS, and CUDAHY, Circuit Judges, and WOOD, Jr., Senior Circuit Judge.
 
 ORDER
 
 1
 Rodney Phillips was convicted in Illinois and is a prisoner in the Danville Correctional Center. Phillips was formerly held at the Centralia Correctional Center (Centralia), and later the Menard Correction Center (Menard). He sued the following defendants in their official and unofficial capacities for monetary relief: Michael Lane, Director of the Illinois Department of Corrections; J. Ronald Haws, Warden of the Centralia Correctional Center; Daniel J. Gannon, Correctional Officer in the internal affairs department of the Centralia facility; Robert Caldwell, Chairman of the Centralia Adjustment Committee; and Adjustment Committee members James C. Alemond and Charles W. Grooms. The Adjustment Committee is responsible for holding prison disciplinary hearings. Under the authority of 42 U.S.C. § 1983, Phillips sued for constitutional violations protected by the Fifth, Eighth, and Fourteenth Amendments. The parties consented to trial before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (1991). The magistrate judge granted defendants' motion for summary judgment. The plaintiff appeals that decision.
 
 FACTS
 
 2
 While incarcerated in the Centralia Correctional Center, Rodney Phillips was issued a disciplinary report alleging that an inmate was burned when Phillips threw scalding water at the inmate's face and shoulders on May 29, 1988. Phillips alleges that the inmate/victim spilled the scalding water on himself, and the medical staff who treated the burns, as well as the medical report, reflect the inmate/victim's statements at the time of the accident supporting Phillips' allegation. The internal affairs office at the prison investigated the episode. The inmate/victim underwent a polygraph examination. That examination reportedly found that the inmate/victim was truthful when stating that Phillips threw the scalding water. On August 2, 1988, Phillips was charged with three prison regulation violations. The following day at the disciplinary hearing, Phillips pleaded not guilty to the charge. The day after that, based on the inmates' statement, the polygraph results, and an internal affairs investigation, Phillips was found to have thrown the scalding water on the inmate. The Adjustment Committee also found that Phillips did not commit the other two related charges. As punishment, six months of Phillips' good-time credit was revoked, he was demoted to "C" grade for six months,[2] and he was transferred to a maximum security facility--Menard. While there, Phillips filed a grievance regarding the basis of the guilty finding. Menard heard the grievance, and referred it to Centralia, recommending that a more specific basis for the finding be stated on the written record. In response, the appropriate parties at Centralia submitted a revised report. This report was approved.
 
 ANALYSIS
 
 3
 Initially, we note that the Eleventh Amendment prevents Phillips from suing the defendants in their official capacity for monetary relief. Kentucky v. Graham, 473 U.S. 159, 167, 105 S.Ct. 3099, 3106 (1985). However, Phillips' suit may be cognizable against the defendants in their unofficial capacity. Id. Thus, we move on to the substance of Phillips' claims.
 
 A. Summary Judgment
 
 4
 Phillips asks us to reverse the magistrate judge's grant of summary judgment for the defendants. Summary judgment is appropriate when no genuine issue of material fact exists, and the moving party is entitled to summary judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986). Because this is a legal question, our review is de novo. Id.; Lister v. Stark, 942 F.2d 1183, 1187 (7th Cir.1991). All inferences are taken in the light most favorable to the nonmoving party--here, Phillips. Id. Defeating summary judgment requires more than just a swearing match. Rather, the nonmoving party must present some evidence that a genuine issue of material fact exists. Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir.1992). No genuine issue of material fact exists if the record as a whole could not lead a rational trier of fact to find for the nonmoving party. Juarez v. Ameritech Mobile Communications, Inc., No. 90-3230, slip op. at 7 (7th Cir. Feb. 18, 1992).
 
 B. Facts Alleging Defendants' Involvement
 
 5
 A plaintiff in a § 1983 action must allege specific facts linking the defendants with the incident in issue. Rascon v. Hardiman, 803 F.2d 269, 273 (7th Cir.1986). The defendants argue that Phillips has not alleged that either Lane or Haws had any direct, personal involvement in the disciplinary action. This argument is correct only in part. Lane apparently had no direct involvement in the investigation or disciplinary proceeding. Although Lane was the Director of the Illinois Department of Corrections, the actions of employees within the Department of Corrections will not be imposed upon Lane for respondeat superior purposes. Id. To establish a § 1983 claim against a supervisory official, the plaintiff must show that the official knowingly, willfully, or at least recklessly caused the constitutional violations. See Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662 (1986); Rascon, 803 F.2d at 274. The only evidence that Lane was even aware of the incident was his stamped signature on the Menard committee's recommendation that the Centralia committee submit a more specific report. This signature does not establish that Lane had any involvement with Phillips' Centralia disciplinary hearing, nor does it establish that Lane even knew about the hearing. Therefore, summary judgment in favor of Lane was proper.
 
 
 6
 Defendant Haws, however, signed the Centralia Adjustment Committee Summary after it was revised in response to the Menard committee's recommendations. Thus, some evidence exists directly linking Haws with the complained-of behavior.
 
 C. Due Process Rights
 
 7
 Phillips alleges that his due process rights were violated by the Adjustment Committee proceedings because several months passed between the incident and the disciplinary report; because the medical report or medical staff testimony was not offered as evidence; because he was not administered a polygraph examination; and because the written record of the reasons for the Adjustment Committee's decision had to be revised for further elaboration. In Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974), the Supreme Court set forth the prison disciplinary procedures that are necessary to fulfill Constitutional mandates. The Court determined that written notice must be provided to the prison at least 24 hours prior to his or her appearance before the Adjustment Committee. This time period, the Court held, allows the prisoner to prepare a defense to the pending charges. Id. 418 U.S. at 564-65, 94 S.Ct. at 2979. Additionally, the Court held that factfinders must prepare a written statement listing the evidence relied upon and the reasons for the disciplinary action. The inmate also should be allowed to call witnesses and present documentary evidence when doing such will not be unduly hazardous to institutional safety or correctional goals. The prisoner does not, however, possess the right to confront and cross-examine people furnishing evidence, nor does the prisoner possess the right to counsel. Id.
 
 
 8
 Phillips was presented the written notice of the pending charges in a timely fashion. Although the incident was being investigated, Phillips does not allege that charges were brought earlier than the time he was presented with them, nor that he may have been harmed during the investigative period. Delays between the incident and the disciplinary proceedings do not violate a prisoner's civil rights. Although Phillips cites Administrative Rule 504, we construe nothing in the rule as guaranteeing Phillips to be free from the delay. The delay is not a constitutional violation, and without a statute-created right, Phillips has no recourse. United States v. Warden, Stateville Corr. Center, 635 F.2d 656, 659 (7th Cir.1980).
 
 
 9
 Phillips does not state that he attempted to call witnesses or that he requested documentary evidence to be presented at the hearing. His complaint is that the defendants should have presented the medical report allegedly stating that the inmate/victim spilled hot water on himself, or called the medical staff who would testify to these facts. Prison officials have discretion when choosing the witnesses they call and the documentary evidence they present, and although it would be helpful to reviewing bodies, prison officials are not required to provide explanations for their decisions. Id. 418 U.S. at 566, 94 S.Ct. at 2980. Nor have we found any requirements that the charged inmate be administered a polygraph examination to be offered as evidence.
 
 
 10
 Also, the amended Adjustment Committee Report stating the evidence relied upon and the reasons therefore was constitutionally sufficient. The Supreme Court held in Superintendent, Massachusetts Corr. Inst. v. Hill, 472 U.S. 445, 105 S.Ct. 2768 (1985), that if some evidence supports the administrative tribunals decision, then due process requirements will be fulfilled. Determining whether "some" evidence exists does not require examining the entire record, independently assessing witness credibility, or weighing the evidence. Id. 472 U.S. at 455, 105 S.Ct. at 2774. Thus, if the decision has any basis in fact, and that basis is recorded on a written document, the adjudicative body will have fulfilled its duty. See id. 472 U.S. at 456, 105 S.Ct. at 2774; cf. Culbert v. Young, 834 F.2d 624, 630-31 (7th Cir.1987) (when only issue is the credibility of the charged inmate, reliance on the incident report is sufficient). Therefore, none of Phillips' civil rights have been violated.
 
 D. Eighth Amendment Claims
 
 11
 Phillips' Eighth Amendment claim presented to this court is that he suffered cruel and unusual punishment because the evidence of his guilt was slight and his punishment should have been commensurate to the evidence. This is different than the Eighth Amendment claim Phillips raised in his complaint and that the magistrate judge rejected. An argument raised for the first time to the appellate court is waived and will not be considered. Saenz v. Young, 811 F.2d 1172, 1173-73 (7th Cir.1987).
 
 CONCLUSION
 
 12
 For the foregoing reasons, the decision of the magistrate judge is AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [2]
 "C" grade prisoners receive no privileges except being allowed in the yard and allowed limited commissary purchases