41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Charles M. MURPHY, Petitioner-Appellant,
v.
SUPERINTENDENT, INDIANA STATE PRISON, Respondent-Appellee.
 No. 93-3894.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1994.*
Decided Oct. 20, 1994.
 
 Before POSNER, Chief Judge, and CUMMINGS and MANION, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Charles M. Murphy appeals the district court's denial of his petition for a writ of habeas corpus. 28 USC Sec. 2254. Petitioner, an inmate at the Indiana State Prison, has challenged the 1985 decision of the prison's Conduct Adjustment Board ("CAB"), which found petitioner guilty of "aiding, commanding, inducing, and causing another to riot." Petitioner's time-earning classification was reduced from Class I to Class III as a result of the decision, with an attendant loss of good time credit. Petitioner maintains that the CAB's written decision does not meet due process standards, as it fails to list the facts upon which its inferences are based, fails to state why the petitioner's witnesses were disregarded, and fails to provide a reason for not summarizing the evidence in the confidential reports. We affirm.
 
 ANALYSIS
 
 2
 A prisoner is entitled to certain minimum due process when "good time" credits are revoked in the prison disciplinary context. The Supreme Court has held that the inmate is entitled to 1) advance written notice of the charges, 2) an opportunity to call witnesses and present evidence in his defense (consistent with institutional safety and correctional goals), and 3) a written statement by the finder of fact of the evidence relied upon and the reasons for the disciplinary action. Superintendent, Mass. Correctional Institution at Walpole v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff v. McDonnell, 418 U.S. 539, 563-567 (1974)). See also Hamilton v. O'Leary, 976 F.2d 341, 344 (7th Cir.1992). The findings of the disciplinary body need only be supported by "some evidence" in the record to be properly sustainable. Id. The some evidence standard "is met if 'there is some evidence from which the conclusions of the administrative tribunal could be deduced....' " Id. at 455 (quoting Vajtauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927)).[1]
 
 
 3
 The constitutionally required minimum detail the written decision must contain will vary from case to case, depending upon the severity of the charges, the complexity of the factual circumstances, and the proof offered by both sides. Culbert v. Young, 834 F.2d 624, 631 (7th Cir.1987), cert. denied, 485 U.S. 990 (1988). An extremely brief statement is adequate if it furnishes the grounds for the decision and the essential facts upon which inferences are based. Forbes v. Trigg, 976 F.2d 308, 318-19 (7th Cir.1992) cert. denied, 113 S.Ct. 1362 (1993). Extreme brevity is not constitutionally deficient when the reasoning of the fact finder is obvious--one side was believed and the other was not. Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir.1987). See also Culbert, 834 F.2d at 631 (brevity appropriate when case is simply a question of credibility--did the prisoner do what the report said he did).
 
 
 4
 Petitioner's contention that the CAB decision presents an inadequate factual basis is meritless. The CAB decision contains an adequate summary of the facts as relates to petitioner's conduct and an adequate statement of the evidence relied upon. Far more limited decisions have been found to pass due process muster. See Rasheed-Bey v. Duckworth, 969 F.2d 357, 360 (7th Cir.1992); Forbes, 976 F.2d at 318-19 (50 words); Culbert, 834 F.2d at 626-27; and Saenz, 811 F.2d at 1173 (25 words). Further, a large portion of the decision is based on the petitioner's own statements regarding his involvement in the riot. Petitioner wanted the CAB to believe the acts he performed were those of "negotiator" rather than a rioter. The CAB was free to take a different view of his conduct.
 
 
 5
 Petitioner's claim that the decision should specify why petitioner's witnesses were not believed is also meritless. The reasoning of the CAB was obvious; it found the officers credible and believed their account. The necessary unspoken corollary is that the CAB found that petitioner and his witnesses were not credible and did not believe their account. While it may have been preferable for the CAB to include a statement to this effect, it was not an error of constitutional magnitude for them to fail to do so. See Saenz, 811 F.2d at 1174.
 
 
 6
 Petitioner's claim that the confidential reports should have been summarized or provided is meritless. Prisoners have no right to confront or cross-examine witnesses at a disciplinary proceeding; the decision of the disciplinary board is not limited to evidence presented at the hearing. Rasheed-Bey, 969 F.2d at 361. Where confidential information, which is to remain confidential, is utilized in a disciplinary proceeding, it need only have sufficient indicia of reliability. Id. at 362. Further, the information need only be turned over to the prisoner (consistent with institutional security) if exculpatory. Id. There has been no showing that the confidential information is at all exculpatory. Further, the confidential information, which was consistent with the other evidence, including the petitioner's own statements, was apparently reliable.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 The cases relied upon by the petitioner were generally decided before the Hill case determined the quantity of evidence necessary to support a prison board's decision