114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Johnny MAY, Petitioner-Appellant,
v.
Christopher MELOY, Respondent-Appellee.
 No. 96-2655.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 28, 1997.*
Decided May 15, 1997.
 
 Before CUMMINGS, EASTERBROOK, and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Johnny May, an inmate at the Indiana State Prison, was accused in October 1995 of violating the prison's disciplinary code by possessing an unauthorized narcotic drug. The conduct report stated that
 
 
 2
 on 10-8-95 at approx 200pm, I Sgt Williams while oic of North Dorm found, while doing a shake down and strip search of inmate MAY892531, what appears to be marijuana, a green leafy substance[,] in a pack of cigarettes that this inmate was carrying on his persons[,] rolled into two small cigarettes.
 
 
 3
 May was given notice of his disciplinary hearing, pleaded not guilty to the violation, and requested a lay advocate. He did not request any witnesses. At the hearing, May claimed, "I've never been in North Dorm & I don't know Sgt. Williams. We didn't have rec. that day, or nothing [sic]. I couldn't have been in North Dorm." The hearing officer stated in his report of the hearing that he had "considered all of the evidence including the conduct report, offender's statement, lay advocate's statement & NIK field test results,"[1] and that he "believe[d] Sgt. Williams to be a credible witness." On this basis, he found May guilty of drug possession, and imposed deprivation of 180 days of earned credit time. May appealed, repeating his claim that he had never been and could not have been in the North Dorm. The appeal was denied.
 
 
 4
 May then filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After receiving submissions from May and from the state, the district court denied the petition and entered judgment. May filed a notice of appeal and requested a certificate of appealability, which the district court denied. This court granted a certificate of appealability on two issues: 1) whether the disciplinary board had an appropriate basis for determining that Sergeant Williams was a credible witness, and 2) if not, whether some evidence supported the decision of the disciplinary board. The appeal has been briefed, and we affirm.
 
 
 5
 Sergeant Williams wrote in the conduct report that he had searched May and found him in possession of a green leafy substance, which a subsequent test showed to be marijuana. The hearing officer stated that he "believe[d] Sgt. Williams to be a credible witness." If the hearing officer had an appropriate basis for determining Sergeant Williams to be "a credible witness," then it is apparent that the hearing officer's decision was supported by some evidence, as required by Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445 (1985).
 
 
 6
 May attempts to analogize his case to Meeks v. McBride, 81 F.3d 717 (7th Cir.1996). In Meeks, the disciplinary board disregarded exculpatory evidence produced by the prisoner--evidence which undermined the reliability of the report used to find him guilty of disciplinary violation. Id. at 721. Specifically, the prisoner's evidence showed that he had previously been confused for another prisoner of the same name, that the report listed the wrong prisoner number, and that the report did not list his initials. Id. at 720. May, in contrast, has produced no evidence. He offers only unsupported allegations. He was given the opportunity to present witnesses and documentary evidence to the hearing officer, but failed to do so. Moreover, the report of May's conduct correctly stated both his name and his prisoner number. In sum, May has failed to present an argument remotely as persuasive as that in Meeks.
 
 
 7
 May argues that Sergeant Williams's report was not shown to be reliable under any of the four methods described in Wells v. Israel, 854 F.2d 995, 999 (7th Cir.1988) (quoting Mendoza v. Miller, 779 F.2d 1287, 1293 (7th Cir.1985), cert. denied, 476 U.S. 1142 (1986)). However, Wells is concerned with the reliability of confidential information, i.e., information whose sources and/or content are not revealed to the prisoner. See id. By contrast, May knew the source and content of the information, and was given the opportunity to test the reliability of the information at the hearing. Accordingly, Wells does not apply to May's situation.
 
 
 8
 May contends that the hearing officer was not entitled to rely solely upon the report of Sergeant Williams, given that the Sergeant did not testify at the hearing. May's argument is foreclosed by the holding in Culbert v. Young, 834 F.2d 624 (7th Cir.1987), cert. denied, 485 U.S. 900 (1988). In May's case as in Culbert,
 
 
 9
 the question was whether the [prisoner] did or did not do the things recited in the conduct report. ... [T]he only evidence contradicting the conduct report was the [prisoner's] own statements in his defense. ... Although ... the committee referred to the conduct report as the basis for its guilt determination, nothing more is constitutionally required where the only issue presented at the hearing involved an assessment of the relative credibility of the conduct report and the [prisoner's] account of the incident.
 
 
 10
 Id. at 631. In such a straightforward situation, the disciplinary committee is entitled to " 'believe[ ] the conduct report and disbelieve[ ] the [prisoner].' " Id. (quoting Saenz v. Young, 811 F.2d 1172, 1174 (7th Cir.1987)); see also Pardo v. Hosier, 946 F.2d 1278, 1285 (7th Cir.1991).
 
 
 11
 The judgment is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 The NIK field test (apparently a type of drug test) showed that the green leafy substance which Sergeant Williams allegedly found in May's possession was indeed marijuana