David **DULLEN**, Petitioner–Appellant,

v.

David R. **MCBRIDE**, Superintendent, Respondent–Appellee.

No. 00–4278.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 9, 2001.*

Decided Oct. 11, 2001.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, MANION, and ROVNER, Circuit Judges.

## ORDER

Indiana prisoner David Dullen petitioned under 28 U.S.C. § 2254 for an order requiring prison officials to restore earned good-time credits that Dullen lost after being found guilty of setting another in-

mate's feet on fire. Dullen claimed that he was denied due process at his disciplinary hearing. The district court dismissed the petition, and we affirm.

On April 13, 2000, a prison guard, Officer Hootnick, wrote a conduct report accusing Dullen of setting inmate Vernon Hendrickson's feet on fire. The report stated: "On 4–12–00 and 4–13–00 four offender witnesses advised me ... that on the night of 4–11–00 offender David Dullen # 972069 set offender Vernon Hendrickson's # 962055 feet on fire while offender Hendrickson was sleeping. For more information see I.A.D. case number 00–WCC–056." On April 19 prison officials notified Dullen of the resulting disciplinary case and gave him a copy of Officer Hootnick's report. The names of the four prisoner witnesses were not disclosed in these documents.

After an initial postponement the Conduct Adjustment Board ("CAB") held a hearing on May 1. Dullen pleaded not guilty. He testified that on the night in question he was in Hendrickson's room smoking a cigarette when he heard keys in the hallway and set the cigarette down on the bed rail. He explained that the cigarette must have dropped and started the fire. Dullen submitted Hendrickson's statement that he did not see who attacked him because he was sleeping when the fire started. Another prison guard, Officer Brown, submitted a statement that on April 24 Dullen confessed to him that he set the fire and was "afraid of what might be the outcome of his actions." According to Officer Brown, Dullen said that he had been "playing" with Hendrickson when he started the fire.

The CAB found Dullen guilty of battery and revoked 120 days' earned good-time credits. Dullen filed administrative appeals to no avail. He then petitioned under § 2254 claiming that he was denied due process at the disciplinary hearing.

In particular he alleged that he received inadequate notice of the hearing; that the CAB was not impartial; that the CAB's written statement was insufficient; and that the CAB failed to establish the reliability of the unnamed prisoner witnesses who accused him of setting the fire.

■ Indiana prisoners have a protected liberty interest in earned good-time credits. *McPherson v. McBride*, 188 F.3d 784, 785 (7th Cir.1999). When good-time credits are at stake, the inmate must receive minimum due process, which includes: advance written notice of the charges; an opportunity, when consistent with correctional goals and institutional safety, to call witnesses and present documentary evidence; and a written statement of the evidence the board relied on and its reasons for the action taken. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). The decision of the disciplinary board must also be supported by "some evidence." *Id.*

■ Dullen argues that the notice he received was constitutionally inadequate because it charged him with both "battery" and "attempted battery," thus failing to "clarify what specific act appellant is supposed to have violated." The function of the notice is to inform the inmate of the charges and enable him to marshal the facts in his defense. *Wolff v. McDonnell*, 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Whitford v. Boglino*, 63 F.3d 527, 534 (7th Cir.1995). There can be no dispute that Dullen knew what incident the notice referred to; he confessed to setting the fire. The conduct report described the factual basis for the charge in enough detail to allow Dullen to mount a defense, and it was therefore constitutionally adequate. *See Whitford*, 63 F.3d at 534.

■ Dullen next argues that the CAB was biased because one of its members had personal knowledge of the fire. Due process prohibits officials from serving on a disciplinary body if they were substantially involved in investigating the underlying charge. *Whitford*, 63 F.3d at 534. Dullen argues that Sgt. Brumfield, who was shift supervisor of the unit where the fire occurred, should have been disqualified from the CAB. Dullen does not argue that Sgt. Brumfield witnessed or investigated the fire but simply that he was "involved" by virtue of his position, which required him to read incident reports. Dullen's argument fails, however, because a shift supervisor's "tangential" involvement in an investigation, such as signing or reviewing incident reports, does not mandate disqualification from a disciplinary board. *See id.*

Dullen next argues that the CAB's written decision was inadequate because it failed to explain the "widely differing punishments [administered] for the same infraction." Dullen asserts without any factual support that he and another prisoner, Phillip Bullock, were initially charged with setting the fire but that Bullock was inexplicably "acquitted of all wrongdoing." Assuming a disparity in punishments exists, it may be explained by Dullen's own statement to Officer Brown that he acted alone and that "Bullock was in bed asleep when this incident happened." At the disciplinary hearing Dullen testified that "Bullock did nothing."

■ Further, due process did not entitle Dullen to an explanation of another prisoner's punishment; due process requires only a brief written statement citing the evidence relied on and the reasons for the sanction imposed against the prisoner. *Wolff,* 418 U.S. at 564–65. And in a straightforward case such as this one, a very brief statement is sufficient. *See Culbert v. Young,* 834 F.2d 624, 629–30

(7th Cir.1987). Here the CAB's written statement cited the relevant evidence and left no "mystery" as to the CAB's reasoning process. *See Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir.1987). It thus satisfied due process.

Dullen last argues that the CAB denied him due process by failing to assess the credibility of the unnamed inmates who accused him of setting the fire. We note that it is debatable whether the CAB relied on these witness statements at the hearing. Instead it appears more likely that the witnesses simply triggered an investigation that resulted in Dullen's own confession. At best the hearing report suggests that the CAB may have considered the statements by indicating that the CAB relied on "staff reports" in making its determination. One such "staff report" is the conduct report, which in turn refers to the "four offender witnesses."

■ Assuming the CAB relied on these statements, its failure to assess the witnesses' credibility is harmless error. *See Powell v. Coughlin,* 953 F.2d 744, 750 (2d Cir.1991) (harmless error analysis applies to prison disciplinary proceedings); *Elkin v. Fauver,* 969 F.2d 48, 53 (3d Cir.1992) (citing *Powell*). There is ample evidence other than the witness statements to support the CAB's decision. Such evidence includes Dullen's confession to a guard and his acknowledgment at the hearing that he set the fire. Aside from corroborating the statements of the inmate witnesses, *see Wells v. Israel,* 854 F.2d 995, 998–99 (7th Cir.1988), this evidence more than satisfies the "some evidence" standard. *See Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.), *cert. denied,* 531 U.S. 999, 121 S.Ct. 497, 148 L.Ed.2d 468 (2000); *see also Turner v. Caspari,* 38 F.3d 388, 393 (8th Cir.1994) (determining informant's reliability unnec-

essary where independent evidence satisfied some evidence standard).

AFFIRMED.