**Paul SHIPP, Petitioner–Appellant,**

v.

**John DEUTH, Respondent–Appellee.**

**No. 01–1821.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 21, 2002.*

Decided Feb. 21, 2002.

Before POSNER, EASTERBROOK,
and RIPPLE, Circuit Judges.

### ORDER

After his urine tested positive for marijuana, James Shipp, an inmate of the Indiana Department of Corrections, was found guilty by a Conduct Adjustment Board ("CAB") of using of an unauthorized substance. As a result, Mr. Shipp's credit class was reduced from CC II to CC III. After exhausting his administrative appeals without success. Mr. Shipp filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 arguing that no evidence supported the CAB's determination and that he had been denied due process during the disciplinary proceedings. The district court denied Mr. Shipp's petition, and he appeals. We affirm.

Mr. Shipp asserts that he was denied due process by the CAB for two reasons. First he argues that his due

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

process rights were denied because the notice of charges he received did not give him a chance to gather facts to support his defense. Due process requires that a prisoner receive advance written notice of disciplinary charges alleged against him. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 563, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). This notice allows the charged party a chance to clarify the charges against him and marshal a defense. *Wolff,* 418 U.S. at 564, 94 S.Ct. 2963. Documents attached to Mr. Shipp's habeas corpus petition show that he was given more than adequate notice of the charges against him. He received both a "Notice of Disciplinary Hearing (Screening Report)" stating that he was charged with "possession/use of any unauth[orized] substance" and a copy of a "Report of Conduct" specifying the following:

> This Conduct Report issued to Offender Shipp, P. # 893255 for use of a Narcotic Drug, as defined in the Adult Disciplinary Policy. On 8/13/00 he submitted his own urine for a full 8–panel drug screen.... The Chain of Custody was followed and the sealed specimen was sent to A.I.T. Laboratory for a full screening with a confirming test performed.... Lab reports received on 8/21/00. clearly indicate a positive presence of Cannabinoids (Marijuana) in the urine of Offender Paul Shipp # 893255.

On August 22, 2000, two days before his disciplinary hearing was scheduled, Mr. Shipp signed both documents, indicating that he received copies of them. He thus had a sufficient period of time to prepare his defense. *See Wolff,* 418 U.S. at 564, 94 S.Ct. 2963 (notice should be given at least 24 hours prior to disciplinary hearing). Because he had adequate notice of the charges against him and sufficient time to prepare a defense, the district court prop-

erly concluded that his due process rights were not violated.

■ Mr. Shipp also argues that the CAB failed to issue a written statement explaining the reasons for its decision. To comport with due process, a disciplinary board must issue a written statement setting forth the evidence it relied on and the reasons for the disciplinary action it takes. *Hill,* 472 U.S. at 454, 105 S.Ct. 2768; *Wolff,* 418 U.S. at 564–65, 94 S.Ct. 2963. The CAB did so here. A "Report of Disciplinary Hearing," which is also attached to Mr. Shipp's § 2254 motion, specifies the following "reason for decision": "Conduct report ... evidence at hearing." The report also states that the CAB reviewed "AIT Lab Results" and "AIT Chain of Custody Form." Although this statement is rather vague, it is constitutionally sufficient. The CAB's statement shows that the Board credited the lab results and conduct report over Mr. Shipp's statement: because there is "no mystery about [the board's] reasoning process, despite the extreme brevity of its statement of reasons, that statement is not so deficient as to create error of constitutional magnitude." *Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir.1987).

In addition to his due process arguments, Mr. Shipp asserts that his hearing was improper because the "secret evidence" used by the CAB in reaching its decision was not presented to him before the hearing. Mr. Shipp did not raise this issue before the district court, however, and it is therefore waived. *Massey v. Helman,* 196 F.3d 727, 734 n. 4 (7th Cir. 1999).

AFFIRMED.