David J. SCHLOMER, Petitioner–Appellant,

v.

Cecil DAVIS, Superintendent, Respondent–Appellee.

No. 01–2986.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 21, 2002 *.

Decided March 4, 2002.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before POSNER, EASTERBROOK, and RIPPLE, Circuit Judges.

### ORDER

Indiana inmate David Schlomer claims in this action under 28 U.S.C. § 2254 that he did not receive adequate process in his prison disciplinary hearing. The district court denied relief, and we affirm.

An investigation into drug trafficking at the Wabash Valley Correctional Facility led to a disciplinary charge against Mr. Schlomer for aiding in money laundering. A conduct adjustment board held a hearing and found Mr. Schlomer guilty based on an internal-affairs investigative file and report submitted by prison officials in support of the charging conduct report. According to the investigation report, authorities initially learned from a confidential informant that Mr. Schlomer regularly trafficked contraband within the prison, and then through follow-up investigation discovered that Mr. Schlomer received money from other inmates through "outside associates." The investigation report recounts, for example, that on October 30, 1999, Mr. Schlomer and a "female subject" discussed sending $150 to an "affiliate" of another inmate at the prison. Telephone logs contained in the internal-affairs file attached to the conduct report reveal that the "female subject" was Mr. Schlomer's daughter and also document a second exchange of money between Mr. Schlomer

and another inmate. A copy of a personal check in the file made out to Mr. Schlomer's daughter for $100 accounts for a third transaction, and the investigating officer's affidavit evidences a fourth and a fifth. Investigating officer Randy Rasner also attests to the discovery of 56.8 grams of marijuana in Mr. Schlomer's cell.

At his hearing Mr. Schlomer denied the investigating officer's written account and maintained that the prison's audio recording of his October 30 telephone call would prove the telephone logs in the internal-affairs file were inaccurate. But, according to Mr. Schlomer, the board did not listen to the tape, and he appealed to the warden. The warden downgraded the money laundering charge to "giving to or accepting from any person" a thing of value "without proper authorization" and also reduced Mr. Schlomer's sentence to one year in segregation and a 90–day loss of good-time credits. After Mr. Schlomer appealed again, this time without success, he commenced the present action in the district court. Because he suffered a loss of good-time credits, his petition was properly brought under § 2254, see *Montgomery v. Anderson*, 262 F.3d 641, 643 (7th Cir.2001), and the hearing held before the board had to comply with due process, see *Superintendent of Mass. Dep't of Corr. v. Hill*, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985); *Wolff v. McDonnell*, 418 U.S. 539, 563–67, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974).

On appeal Mr. Schlomer argues that he received inadequate process for three reasons, each of which is without merit. First he contends that the evidence before the board was not sufficient to convict him of giving or accepting something of value without authorization. But to satisfy due process the board's decision requires only the support of "some evidence," *Hill*, 472 U.S. at 455–56, 105 S.Ct.

2768, and that standard is met even by "meager proof," *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000); see also *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999). Here the investigation report and contents of the internal-affairs file evidence that in less than six weeks Mr. Schlomer's daughter five times exchanged money with someone connected to an inmate at the prison. Although one or two exchanges might not mean anything, the number of transactions supports an inference that Mr. Schlomer was transacting business in the prison and collecting payment through his daughter. Coupled with the informant's tip that Mr. Schlomer regularly trafficked contraband and the marijuana found in Mr. Schlomer's cell, there is some evidence that Mr. Schlomer traded some commodity without authorization and used his daughter to collect or make payments.

Mr. Schlomer next argues that the board did not adequately explain why it found him guilty. The board's announcement that "[b]ased on [the] Conduct Report [and] Reported Investigation of Randy Rasner, we find Schlomer guilty" is brief, but it is sufficient given the complexity of Mr. Schlomer's case. See *Pardo v. Hosier*, 946 F.2d 1278, 1285 (7th Cir.1991); *Culbert v. Young*, 834 F.2d 624, 631 (7th Cir.1987); *Saenz v. Young*, 811 F.2d 1172, 1174 (7th Cir.1987). In a simple case involving a dispute over the relative credibility of an investigator's report and the prisoner's account of what happened, the board may properly refer to the report as the sole basis for its decision. See *Culbert*, 834 F.2d at 631; *Saenz*, 811 F.2d at 1174. Here no mystery surrounds the board's reasoning process, so its statement, while spare, meets constitutional requirements.

Mr. Schlomer's final argument is also without merit. He submits that pris-

on officials should have retrieved and listened to the audio tape of his October 30 conversation with his daughter. The district court apparently dismissed this contention on the erroneous theory that the substance of the telephone call was undisputed. In fact, Mr. Schlomer strenuously contested the investigator's account of his call and told the board that the tape would show inaccuracies in the prison telephone logs. Nevertheless, Mr. Schlomer's protestations do not entitle him to relief, for there is no evidence that Mr. Schlomer took advantage of his opportunity during pre-screening to request the tape. Mr. Schlomer now asserts that he made an oral demand that went undocumented by the screening officer, but he forfeited any such argument by not raising it in his administrative appeals. *See Eads v. Hanks*, 280 F.3d 728 (7th Cir.2002).

AFFIRMED.