**James HUSPON, Petitioner–Appellant,**

v.

**John VANNATTA, Respondent–Appellee.**

**No. 02–1011.**

United States Court of Appeals, Seventh Circuit.

Submitted Sept. 11, 2002.*

Decided Sept. 27, 2002.

Before COFFEY, EASTERBROOK, and MANION, Circuit Judges.

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

## ORDER

James Huspon, an inmate at Indiana's Miami Correctional Facility, petitioned under 28 U.S.C. § 2254 to set aside a prison disciplinary conviction resulting in a loss of good-time credits. The district court denied Huspon's petition, and we affirm.

In February 2000 officials began investigating tobacco trafficking at the prison. The investigation revealed that between December 1999 and February 2000 Huspon had purchased tobacco, rolling papers, and a lighter from prison staff member Shirley Wisehart. The prison's Internal Affairs Officer prepared a conduct report charging Huspon with tobacco trafficking. The report included a statement by Wisehart admitting these facts.

At Huspon's disciplinary hearing the Conduct Adjustment Board ("CAB") considered the officer's conduct report, a summary of the investigation, Wisehart's statement, and the statements of Huspon and his witnesses. Huspon's witnesses included several inmates and a prison official, who provided character references regarding Huspon and contested Wisehart's general veracity. The CAB concluded that the conduct report was true and found Huspon guilty as charged. Huspon appealed and the case was remanded for rehearing and additional witness statements, but the CAB again concluded that he was guilty of trafficking tobacco. The CAB revoked 360 days of Huspon's good time credits and demoted him from credit-earning class I to credit-earning class III. Huspon exhausted his administrative remedies and then filed this § 2254 petition. *Montgomery v. Anderson,* 262 F.3d 641, 643 (7th Cir.2001).

Before a prison disciplinary board may revoke good time credits, it must provide (1) at least 24 hours' written notice of the charges against him, (2) an opportunity to present a defense to an impartial decision-maker, and (3) a written explanation of the fact-finder's decision. *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Due process also requires that the findings of the prison disciplinary board be supported by "some evidence in the record." *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir.2000).

■ Huspon maintains that the CAB violated his due process rights in three ways. First, he asserts that the CAB provided an insufficient description of the evidence relied upon to support its decision. But the hearing report specifically identifies the evidence the CAB considered: "the CAB ... reviewed all evidence including conduct report, witness statements and offender comment." This explanation, despite its brevity, is sufficient. *See Saenz v. Young,* 811 F.2d 1172, 1173–74 (7th Cir.1987).

■ Second, Huspon argues that the CAB inappropriately relied upon the testimony of a "confidential informant" without first making a credibility determination. Initially, Huspon waived this argument by failing to raise it in the district court. *See Moffat v. Broyles,* 288 F.3d 978, 2002 WL 816718 (7th Cir.2002). But there is no support in the record for Huspon's allegation that any confidential informant was used in the investigation. Instead, it appears that the evidence was collected solely by the prison's Internal Affairs Officer as part of a general review. Although there is no evidence of a confidential informant, the prison did, in fact, withhold evidence from Huspon on the basis that the information was confidential. But the prison's decision to withhold these materials did not deprive Huspon of due process, because he was provided with a sufficient explanation of the need to preserve the confidentiality of the investigation. *Ponte v. Real,* 471 U.S. 491, 496–97, 105 S.Ct. 2192, 85 L.Ed.2d 553 (1985); *Whitlock v. Johnson,* 153 F.3d 380, 386 (7th Cir.1998).

Third, Huspon asserts that the CAB's decision was not supported by "some evidence," as required by *Webb*, 224 F.3d at 652. Huspon argues that the conduct report and statements are false and lack credibility. The record without doubt contains "some evidence" to support the CAB's findings: Wisehart's statement. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir.1999) (holding that conduct report alone provides "some evidence"). Under the "some evidence" standard, we will not "conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence" as Huspon asks us to do. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455–56, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985). Accordingly, the district court judgment is AFFIRMED.