# In the
# United States Court of Appeals
## For the Seventh Circuit

No. 06-2766

EDMUND INGRAM,

*Petitioner-Appellant,*

*v.*

EDDIE JONES, WARDEN,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 04 C 6600—**Samuel Der-Yeghiayan**, *Judge.*

No. 06-2879

MALCOLM RUSH,

*Petitioner-Appellant,*

*v.*

MATTHEW J. FRANK,

*Respondent-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 04 C 1154—**J. P. Stadtmueller**, *Judge.*

ARGUED SEPTEMBER 19, 2007—DECIDED NOVEMBER 14, 2007

Before BAUER, MANION, and WOOD, *Circuit Judges.*

BAUER, *Circuit Judge.* Prisoners Edward Ingram and Malcolm Rush appeal their respective district courts' decisions denying their petitions for writs of habeas corpus.[1] Both Ingram and Rush filed their notices of appeal more than 30 days after their judgments. In this consolidated appeal, we asked the parties to address appellate jurisdiction in light of Fed. R. App. P. 4(c)(1)'s language that an inmate's notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing," although both Ingram and Rush admittedly failed to affix first-class postage at the time their notices were deposited for mailing.

Because we find that Ingram's petition was timely, we have jurisdiction to hear his appeal.[2] Because we find that Rush's petition was untimely, we affirm the denial of his petition.

## I. Background

Edmund Ingram was a prisoner at Stateville Correctional Center ("Stateville"), in Joliet, Illinois.[3] On October 14, 2005, the district court for the Northern District of Illinois entered judgment dismissing Ingram's

---

[1] Ingram and Rush are represented on this appeal by the same attorney, Eugene Volokh.

[2] Respondent-Appellee Jones concedes in his brief that Ingram's petition is timely.

[3] On July 13, 2007, we granted a motion filed by Terry McCann, Warden of Stateville, for permission to move Ingram to Pontiac Correctional Center, in Pontiac, IL, and ordered the clerk to substitute Eddie Jones, Warden of Pontiac, as respondent-appellee.

habeas petition. Ingram's notice of appeal from that order was filed in the district court on November 18, 2005. Because Ingram's notice was not filed within 30 days of the judgment, we ordered him to file either (1) a memo addressing our jurisdiction; or (2) a declaration or notarized statement, setting forth the date the notice was deposited in the prison's mailing system, and stating whether first-class postage was prepaid, pursuant to Fed. R. App. P. 4(c)(1). On July 14, 2006, Ingram filed a "Jurisdictional Memorandum/Declaration," stating that he deposited his notice of appeal in the prison mail system on November 11, 2005, but failing to disclose whether or not postage was prepaid when he placed it in the prison mailbox.

On July 18, 2006, we ordered Ingram to file a supplemental declaration setting forth the date of deposit and stating whether postage was prepaid. On August 2, 2006, Ingram filed a "Supplemental Notarized Statement," setting forth the date of deposit and that postage was "not prepaid," but it was "processed and paid by the Institution, Stateville C.C."

Malcolm Rush is a prisoner at Waupun Correctional Institution ("Waupun"), in Waupun, Wisconsin. On May 17, 2006, the district court for the Eastern District of Wisconsin entered judgment dismissing Rush's habeas petition. Rush's notice of appeal was filed in the district court on June 23, 2006. Because Rush's notice was not filed within 30 days of the judgment dismissing his petition, we also ordered him to file either (1) a memo addressing our jurisdiction; or (2) a declaration or notarized statement, setting forth the date the notice was deposited in the prison's mailing system, and stating whether first-class postage was prepaid, pursuant to Fed. R. App. P. 4(c)(1). On August 2, 2006, Rush filed a declaration stating that he had deposited his notice of appeal in the prison mail system on June 9, 2006, along with a request for "a legal loan exemption for postage

payments, pursuant to DOC 309.51."[4] Rush also stated that first-class postage was not paid until on or after June 19, 2006.

On September 22, 2006, on our own motion, we (1) consolidated both appeals to determine appellate jurisdiction; (2) appointed counsel to both appellants; and (3) ordered briefing limited to the issue of appellate jurisdiction, in light of Fed. R. App. P. 4(c)(1)'s language that an inmate's notice of appeal "is timely if it is deposited in the institution's internal mail system on or before the last day for filing."

Prior to filing any briefs with this Court, on January 24, 2007, Ingram executed a final "Supplemental Declaration," stating that he deposited his notice of appeal in the prison mailing system on November 11, 2005, first-class postage was prepaid by the prison, and the prison had precommitted to paying for prisoners' legal mail without any need for the prisoner to attach a stamp. Similarly, on January 26, 2007, Rush executed a final "Supplemental Declaration," stating that he deposited his notice of appeal in the prison mailing system on June 9, 2006, first-class postage was prepaid by the prison, and the prison had precommitted to paying for legal mail "under those circumstances specified by Wis. Admin. Code § 309.51, without any need for the prisoner to attach a stamp."

## II. Discussion

In addressing the issue of appellate jurisdiction, both Ingram and Rush argue that (1) the first sentence of Fed.

---

[4] Inmates without sufficient funds in their general account can receive a loan for up to $200 to pay for legal correspondence. Wis. Admin. Code § DOC 309.51. Any request to exceed the loan limit must be for an "extraordinary need," and is submitted to the warden for his approval. *Id.*

R. App. P. 4(c)(1) is the only mandatory sentence in the Rule, and because their notices of appeal were deposited in the prison mailing systems on or before the last day of filing, they are timely; and that (2) the third sentence of Rule 4(c)(1) is permissive, in that an inmate *may* file, but is not required to file, either a declaration in compliance with 28 U.S.C. §1746 or a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid; or that (3) even if the third sentence of Rule 4(c)(1) is mandatory, both prisoners fulfilled the requirement by filing supplemental declarations that satisfied the two requirements of the third sentence of the Rule.

The first sentence of Fed. R. App. P. 4(c)(1) states: "If an inmate confined in an institution files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." Rule 4(c)(1), also known as the "prisoner mailbox rule," provides that a notice of appeal filed by a prisoner is deemed filed on the date the prisoner deposits the notice in the prison mail system, and not on the date when it is received by the clerk of the court. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988).

The second sentence of the Rule states: "If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule." Rule 4(c)(1) requires a prisoner to use a legal mailing system if the prison has one. *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). In the context of this appeal, Stateville has a separate legal mailing system; Waupun does not.

The third sentence of the Rule states: "Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746, or by a notarized statement, either of which must

set forth the date of deposit and state that first-class postage has been prepaid." Rule 4(c)(1) "requires the declaration to state two things: 50% is not enough. The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger." *Craig*, 368 F.3d at 740.

## A.  Edmund Ingram

Respondent-Appellee Jones concedes that Ingram's notice of appeal was timely, because Ingram appeared to use Stateville's legal mailing system.[5] We agree. Rule 4(c)(1) requires a prisoner to use a legal mailing system if the prison has one. *Craig*, 368 F.3d at 740. Stateville has a separate legal mailing system, in which legal mail is logged on a prisoner's legal mail card. Ingram's legal mail log did not reflect any mailing in November 2005.[6] However, his account was not charged for postage during that time, nor was he obligated to pay for postage for his legal mail.[7] The notice of appeal was delivered to the district court on November 18, 2005. Thus the logical inference would be that Ingram used the legal mailing system, as he did not personally pay for his postage. We find that Ingram's notice of appeal

---

[5] Initially, when Ingram filed his "Supplemental Notarized Statement" on August 2, 2006, Jones filed a response, arguing that the appeal should be dismissed for lack of jurisdiction because first-class postage was not prepaid, as required by Fed. R. App. P. 4(c)(1).

[6] Ingram's declaration, notarized statement, and brief to this Court does not assert that Ingram satisfied Rule 4(c)(1) by using Stateville's legal mailing system.

[7] Pursuant to a 1981 consent decree, Stateville is obligated to provide appropriate envelopes and pay for postage for all legal mail of the inmates.

was deposited on November 11, 2005 in Stateville's legal mailing system. Therefore, he satisfies the second sentence of Rule 4(c)(1) and receives the benefit of the Rule, without our consideration of the third sentence.

## B. Malcolm Rush

First, Rush argues that his notice was deposited within thirty days of the district court's judgment, and therefore it was timely and that Rush should not be required to do anything further. While it is true that Rush deposited his notice in the mailing system on time, he is not exempt from compliance with the other requirements of the Rule. As we held in *Craig*, a prisoner may receive the benefit of the prison mailbox rule if he complies with its requirements, which includes filing a declaration or notarized statement. 368 F.3d at 740.

Rush argues that the third sentence of the Rule gives the prisoner the option of filing a declaration or notarized statement, in order to establish a timely filing. This position is inconsistent with our decision in *Craig*, where we held that if a prison does not have a legal mailing system, the prisoner is required to show, through a declaration or notarized statement, that his notice was timely filed in order to benefit from the mailbox rule. 368 F.3d at 740; *see also United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004) ("If a prison lacks a legal mail system, a prisoner *must* submit a declaration or notarized statement setting forth the notice's date of deposit with prison officials and attest that first-class postage was pre-paid.") (emphasis in original); *Grady v. United States*, 269 F.3d 913, 918 (8th Cir. 2001) ("[T]he prison mailbox rule . . . consist[s] of two requirements. A prisoner must have actually deposited his legal papers with the warden by the last day for filing with the clerk. And the prisoner must at some

point attest to that fact in an affidavit or notarized state-
ment."). Waupun does not have a separate legal mailing
system, so Rush was required to comply with the third
sentence of the Rule in order to receive its benefits.

Finally, Rush argues that his supplemental declaration
fulfills the third sentence of the Rule, in that it sets
forth a date of deposit, June 9, 2005, and that he states
postage was prepaid, because at the time of deposit,
Waupun had precommitted to paying his postage. This
statement is not true. Although prisoners have right of
access to courts, they do not have right to unlimited free
postage. *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir.
1986). Unlike Stateville, Waupun does not have a
separate legal mailing system, nor does Waupun provide
free postage for all legal mail of inmates. Prisoners
are required to pay for their own legal correspondence,
and are given a $200 loan allowance for supplies, photocop-
ies, and postage for this purpose. In the event that a
prisoner exceeds his allowance, he may request a loan
exemption from the warden if the prisoner demonstrates
an "extraordinary need." Wis. Admin. Code § DOC 309.51.

The underlying issue is whether Rush's statement in
his declaration that "postage was prepaid by the institu-
tion" satisfies the requirement of the third sentence of
Rule 4(c)(1) if the institution was not, in fact, obligated to
pay for the postage at the time of deposit. At the time
Rush deposited his notice, his postage was not prepaid
by the institution, although he indicated that it was
prepaid. Waupun was not precommitted to pay for his
postage. Furthermore, Rush had exceeded his $200 loan
balance, and had not received an exemption from the
warden at the time he deposited his notice.[8] The state-

---

[8] The warden's letter granting an exemption for a loan is dated
June 19, 2006, ten days after Rush deposited his notice of appeal.

ment in Rule 4(c)(1) that "first-class postage has been prepaid" encompasses the notion that the postage has actually been prepaid, either by the prisoner or by the institution. While the declaration need not be deposited concurrently with the notice of appeal, he must ensure that the statement is true as of the time the notice is deposited. "Respect for the text of Rule 4(c) means that represented prisoners can use the opportunity it creates; respect for the text equally means that prisoners must use that opportunity in the way the rule specifies." *Craig*, 368 F.3d at 740. If we allowed prisoners to file declarations under Rule 4(c)(1) and assert a blanket statement that "postage has been prepaid" without verifying that they have the funds or the entitlement to do so, we would give them our stamp of approval to violate the timeliness requirement of the Rule. Postage was not prepaid at the time of deposit because Rush did not secure his right to an exemption for a loan from the warden. Therefore the statement in his declaration that Waupun had "precommitted" to paying for the postage as of June 9, 2006, is not true, and does not satisfy the requirements of Rule 4(c)(1).

## III.  Conclusion

For the aforementioned reasons, we affirm the dismissal of Malcolm Rush's petition because his notice of appeal was untimely. We do have appellate jurisdiction over Edmund Ingram's notice of appeal because it was timely, and we order the parties to brief the issues on the merits.

A true Copy:

      Teste:

                _____

                *Clerk of the United States Court of*
                *Appeals for the Seventh Circuit*