NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 23, 2009[*]
Decided June 23, 2009

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

TERENCE T. EVANS, *Circuit Judge*

No. 09-1312

| | |
|---|---|
| RANDALL MINNIEFIELD, <br> *Petitioner-Appellant*, | Appeal from the United States District <br> Court for the Southern District of Indiana. |
| *v.* | No. 2:08-cv-418-WTL-JMS |
| MICHAEL OSBURN, <br> *Respondent-Appellee*. | William T. Lawrence, <br> *Judge*. |

**O R D E R**

Indiana prisoner Randall Minniefield appeals the dismissal of his petition for a writ of habeas corpus and the denial of his post-judgment motion to reconsider. We affirm.

In July 2008 a corrections officer wrote Minniefield up for insolence and vulgarity. The officer completed a conduct report detailing the incident. A prison disciplinary board found Minniefield guilty of insolence and vulgarity toward staff and deducted 30 days'

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. FED. R. APP. P. 34(a)(2).

good-time credit as punishment. In a one-sentence explanation for its decision, the disciplinary board stated that it found the conduct report to be true and factual.

Minniefield petitioned for a writ of habeas corpus under 28 U.S.C. § 2254, claiming that his right to due process was violated because the disciplinary board found him guilty based on insufficient evidence. The district court could not decipher his "awkward[ly]" worded original petition and ordered Minniefield to amend it by November 21, 2008. November 21 came and went without any sign of a petition, and so on December 2, the court dismissed Minniefield's case without prejudice for failure to prosecute. Around that same time, however, Minniefield's amended petition reached the court. The record reflects that it was filed with the clerk's office on December 1, though Minniefield had dated it November 21, 2008.

On December 8, 2008 Minniefield filed a "motion to reconsider," stating that he had deposited his amended habeas petition into the prison mail system on November 21. He added that the lateness of his filing stemmed from difficulties using the prison's law library.

The district court construed this motion as brought under FED. R. CIV. P. 60(b), and denied it. The court—noting that Minniefield had signed his amended petition on November 21—acknowledged the possibility that he had timely filed his amended petition, but nevertheless concluded he could not make out a successful claim on the merits. Even if the petition's untimeliness were excused, the court explained, Minniefield could not show that the disciplinary board's brief explanation—that it found the conduct report true and factual—was constitutionally insufficient.

On appeal Minniefield continues to maintain that his amended petition was timely filed. He also reasserts that the disciplinary board violated his due process rights by failing to adequately explain the evidentiary basis for the discipline taken against him.

At the outset, we clarify two sources of confusion. First, to the extent that Minniefield can show that he complied with the "prisoner mailbox rule" by turning over his petition to prison authorities on November 21, his petition was timely filed. *See* FED. R. APP. P. 4(c); *Ingram v. Jones*, 507 F.3d 640, 643-44 (7th Cir. 2007). Second, the district court erred in analyzing Minniefield's motion to reconsider under Rule 60(b) rather than Rule 59(e). Not only was the motion filed within ten days of judgment, but also its substance concerned an error of law or fact—the court's ruling that his petition was untimely—a basis encompassed by Rule 59(e), not Rule 60. *See Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008); *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006).

These problems notwithstanding, Minniefield cannot prevail. As the district court

explained in its alternative analysis, Minniefield has not shown that the disciplinary board's explanation was constitutionally insufficient.  It is true that due process requires a written statement articulating the reasons for the disciplinary action and the evidence justifying it, *see Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003), but this requirement is not onerous, *see, e.g., Pardo v. Hosier*, 946 F.2d 1278, 1284 (7th Cir. 1991); *Culbert v. Young*, 834 F.2d 624, 629 (7th Cir. 1987); *Saenz v. Young*, 811 F.2d 1172, 1173-74 (7th Cir. 1987).  The statement need only indicate what evidence was relied on to make the decision and why.  *See Culbert*, 834 F.2d at 627; *Saenz*, 811 F.2d at 1173-74.  In Minniefield's case, the disciplinary board stated that it believed the conduct report and relied on it as the basis of its decision.  This is all the process that is required.  *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) ("a curt explanation may suffice when it was evident to all involved that the only question was one of credibility"); *Saenz*, 811 F.2d at 1174 ("All that the committee would have had to say here was that it believed the conduct report, or specific parts of it . . .").

AFFIRMED.