**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 18, 2009[*]
Decided November 4, 2009

**Before**

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-2249

| | |
|---|---|
| LEE H. PARKER, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Illinois. |
| | |
| *v.* | No. 3:05-cv-00143-WDS |
| | |
| JOHN EVANS, et al., | William D. Stiehl, |
| *Defendants-Appellees.* | *Judge*. |

## O R D E R

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Lee Parker, an inmate at the Menard Correctional Center in Illinois, brought a pro se complaint against four employees of the Illinois Department of Corrections, claiming that they unconstitutionally deprived him of access to the courts. *See* 42 U.S.C. § 1983. The district court dismissed Parker's claim against Scott Hill, a correctional officer, at initial screening, *see* 28 U.S.C. § 1915A, and granted the three remaining defendants summary judgment. Parker now appeals, and we affirm.

In 2004 Parker began preparing a lawsuit against 46 employees of the Department of Corrections. The complaint, which claimed financial corruption and inmate abuse, ran almost 200 pages long and contained over 300 pages of exhibits. Parker asked Colleen Rennison, the prison librarian, to make copies for all named defendants, reduce to letter size the oversized documents, supply him with forms for service of process, and bind copies of the complaints on the left margins. When she refused, noting that the district court did not require letter-sized paper or a copy for every defendant, Parker wrote the warden, John Evans, alleging that Rennison had a "personal vendetta" against him and was "stonewalling" him. Although Evans forwarded the complaint to the library staff for review, Parker continued filing similar complaints against Rennison.

Six weeks later, on October 10, 2004, Parker again asked Rennison to make copies of his complaint and informed her that he faced an October 30 deadline. After she told him that the library was "not responsible for making copies to send to a lawyer to solicit help" on his behalf, Parker complained to Evans and other officials at the prison. Several months later, in January 2005, Parker filed with the district court several documents regarding his allegations of financial corruption and inmate abuse, but a month later, after the court treated his filing as a complaint initiating a lawsuit, Parker moved for voluntary dismissal.

The next month, in February 2005, Parker sued Rennison and Evans, claiming that they had violated his right of access to the courts by conspiring to refuse to make copies of his complaint. He later added Hill and Lieutenant Ronald Williams to his complaint, alleging that Williams "orchestrated" the confiscation of the lawsuit's "master copy" from his cell while in segregation in March 2005, and that Hill retaliated against him with unwarranted discipline. The district court dismissed Parker's claim against Hill for failure to exhaust, *see* 28 U.S.C. § 1915A, and then, three years later, granted the remaining three defendants' motion for summary judgment. Rennison, the court reasoned, had no legal or constitutional obligation to copy or resize Parker's complaint. The court added, moreover, that Parker presented no evidence that Evans had interfered with the filing of his desired lawsuit or that Williams was involved in the search of his cell.

Parker moved for reconsideration, which the district court denied on April 14, 2008. Parker filed his notice of appeal from that order on May 19. Because the notice was not filed within 30 days of the entry of the district court's final ruling, we gave Parker the

opportunity to file a notarized statement or declaration (complying with 28 U.S.C. § 1746) setting forth the date that he deposited the notice of appeal in the prison mail system and whether he paid first class postage. *See* FED. R. APP. P. 4(c)(1).

Parker's response attests that he brought his notice of appeal to the legal mail room in a sealed envelope with "prepaid postage" for delivery "on or before May 14." He also attaches a transaction report from his inmate trust fund showing a debit for "legal postage" of $0.42 (the price of first-class postage for a letter at that time) entered on May 15, 2008. The defendants argue that these statements are insufficient to satisfy the prison mailbox rule because Parker never explicitly asserted that they were made under penalty of perjury or that he prepaid his mailing with first-class postage. *See id.*; *see also United States v. Craig*, 368 F.3d 738, 740-41 (7th Cir. 2004).

The information Parker provided is sufficient to satisfy the mailbox rule and allow for a timely appeal. He swore in his declaration "upon oath as true" that he placed the notice of appeal in a sealed envelope with "prepaid postage" on or before May 14. Parker's trust fund transaction report, which shows that the next day the prison debited his account for "legal postage" in an amount equal to first-class postage, corroborates his assertion. We conclude that Parker abided by Rule 4(c)(1) and should receive its benefit, rendering this appeal timely. *See Ingram v. Jones*, 507 F.3d 640, 644 (7th Cir. 2007).

Having jurisdiction to address Parker's appeal, we now move to the merits. The Constitution guarantees prisoners a right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996). An inmate, though, will not have a triable claim unless he supplies evidence that prison authorities prevented him from pursuing a nonfrivolous legal action. *See Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Bridges v. Gilbert*, 557 F.3d 541, 553 (7th Cir. 2009); *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002).

The district court was correct to reject Parker's access-to-courts claim. Parker argues that Evans and Rennison conspired to prevent him from filing his lawsuit about financial corruption and inmate abuse. But Parker himself possessed the original, complete copy of the complaint in October 2004, which (according to him) was the deadline for filing the lawsuit. As Rennison correctly informed him, all Parker needed to do to initiate the lawsuit was present a single copy of the complaint and a filing fee (or motion to excuse payment) to the court clerk. *See* http://www.ilsd.uscourts.gov/Forms/PDF%20Forms/Pro-Se-Guide.pdf (last visited August 7, 2009). It was Parker's own refusal to do so that caused the delay in filing the complaint. Moreover, Parker's later actions call into question his unsubstantiated assertion that he in fact faced an October 30 filing deadline. In November and December Parker continued demanding that Rennison copy and resize his legal documents. And in January 2005 he filed documents in the district court initiating his lawsuit about financial

corruption and inmate abuse, but chose to abandon the case himself.  For all these reasons, Parker's access-to-courts claim fails.  *See, e.g.*, *Christopher*, 536 U.S. at 415-16; *Lewis*, 518 U.S. at 351-52.

Finally, Parker's claims against both Hill and Williams also do not survive summary judgment.  Parker cites no evidence that Williams was involved in or ordered the search of his cell that allegedly led to the confiscation of his complaint.  Without evidence of personal involvement, any claim against Williams is baseless.  *See, e.g.*, *Fillmore v. Page*, 358 F.3d 496, 506 (7th Cir. 2004).  And Parker gives us no reason to alter the district court's decision to dismiss Hill from the lawsuit at initial screening for failure to exhaust.

Accordingly, the judgment of the district court is AFFIRMED.