**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 6, 2011[*]
Decided April 7, 2011

*Before*

JOEL M. FLAUM, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 10-2500

| | |
|---|---|
| MOISES MERAZ-CAMACHO, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Western District of Wisconsin. |
| | |
| *v.* | No. 09-cv-13 |
| | |
| UNITED STATES OF AMERICA, | Barbara B. Crabb, |
| *Defendant-Appellee*. | *Judge.* |

**O R D E R**

Federal inmate Moises Meraz-Camacho appeals the district court's denial of his motion to recruit counsel during his unsuccessful lawsuit under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b)(1), 2671-80, in which he claimed that a prison doctor provided negligent medical care. We affirm.

---

[*]After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Meraz-Camacho was imprisoned at the Federal Correctional Institution in Oxford, Wisconsin, when he experienced numbness and stiffening of his left arm and side. He was seen by Dr. James Reed, the prison's clinical director, who determined that he did not require immediate medical attention. Several hours later he returned with obvious left-sided weakness, decreased motor skills, and an apparent seizure; Dr. Reed promptly transferred him to an outside hospital for further treatment. He was ultimately diagnosed with thrombosis of a cortical vein (a blood clot on the brain) that had ruptured, leading to hemorrhage and stroke.

Meraz-Camacho sued the United States Attorney General, the Bureau of Prisons, the warden, and Dr. Reed for inadequate medical assistance and medical malpractice. The district court construed his claims as arising under the FTCA and substituted the United States as the defendant. The court later dismissed two unrelated claims based on Meraz-Camacho's failure to exhaust administrative remedies, but allowed him to proceed on his claim that Dr. Reed negligently failed to diagnose the onset of his stroke. The court then conducted a preliminary pretrial conference, issued a pretrial conference order setting filing deadlines, and gave Meraz-Camacho various materials for pro se litigants to help them follow the court's procedures concerning summary judgment motions. Eventually the government did move for summary judgment, and in support offered affidavits prepared by Dr. Reed and a third-party medical expert. Meraz-Camacho responded by disputing certain facts, expressing an intent to call doctors and hospital staff as witnesses, and mentioning at one point that he would be "greatly assisted by the Court assigning him counsel to assist him. (The subject of a Motion being prepared for submission to the Court shortly)." More than a month later, after the government replied, Meraz-Camacho filed his motion for "appointment" of counsel (more accurately, for the court's help in recruiting a lawyer, because there is no statutory authority to "appoint" a lawyer in civil actions). In the motion he asked the court for assistance in helping him complete discovery, contact witnesses, and conduct pretrial proceedings, and he also sought leave to file a surreply.

The district court granted summary judgment for the government, determining that Meraz-Camacho failed to create a fact issue on the question of negligence or causation. The court also denied Meraz-Camacho's request for counsel as moot. The court denied as well his request for leave to file a surreply, explaining that he did not substantiate his assertion that his medical records had been tampered with, and in any event nothing in his proposed surreply would change the outcome of the summary judgment motion. The court subsequently denied Meraz-Camacho's postjudgment motion to alter or amend judgment.

Meraz-Camacho appeals, but the government argues that his appeal is untimely. The government notes that Meraz-Camacho, in his response to our request for a memorandum concerning the timeliness of his notice of appeal, did not specify that he prepaid first-class

postage when he placed his notice of appeal in the prison's internal mailing system. Although proof of timely mailing and postage is required when a prisoner mails his own filing, *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004), he need not show proof of postage if he proves that he used the prison's internal mailing system, *see* FED. R. APP. P. 4(c)(1); *Ingram v. Jones*, 507 F.3d 640, 644 (7th Cir. 2007). Meraz-Camacho asserted in his jurisdictional memorandum that he did so, and he offered as proof a copy of the relevant envelope bearing appropriate postage and a designation "legal mail."

Meraz-Camacho confines his appeal to arguing that the district court abused its discretion by denying his request to recruit counsel to represent him. He maintains that he was incapable of carrying out this litigation on his own: he filed documents in the wrong court, sued the wrong defendants, failed to conduct discovery, responded inappropriately to the summary judgment motion, and filed an ineffective postjudgment motion.

But Meraz-Camacho's motion for the court's assistance in recruiting a lawyer came too late. (It was not "moot," as the district court ruled; the case was live when the motion was filed. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980); *Gates v. City of Chicago*, 623 F.3d 389, 413 (7th Cir. 2010)). Delay was a sufficient reason for denial. He did not file his request for assistance until after the close of briefing on the summary judgment motion; by that stage, however, a lawyer could assist him only by filing a surreply. The decision to permit the filing of a surreply is purely discretionary and should generally be allowed only for valid reasons, such as when the movant raises new arguments in a reply brief. *See Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 n.2 (7th Cir. 2010)*; Jencks v. Modern Woodmen of Am.*, 479 F.3d 1261, 1268-69 (10th Cir. 2007). The district court found nothing in Meraz-Camacho's surreply that would alter the case's outcome. Although a pro se litigant may request the need for counsel as his case develops, *Romanelli v. Suliene*, 615 F.3d 847, 852-53 (7th Cir. 2010), the judge "can only make a determination based on the record as it exists when the motion is brought, and our review is limited to the record at the time the decision was made," *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (en banc). If no surreply would have made a difference, then Meraz-Camacho would not have benefitted from the assistance of any lawyer.

The remainder of Meraz-Camacho's contentions are undeveloped and are therefore waived. *See* FED. R. APP. P. 28(a)(9); *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

AFFIRMED.