NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 19, 2012[*]
Decided September 26, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 12-1218

| | |
|---|---|
| KENNETH PARRISH, *Petitioner-Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 11-C-419 |
| DEBORAH McCULLOCH, *Respondent-Appellee.* | Rudolph T. Randa, *Judge.* |

**O R D E R**

Kenneth Parrish, a civilly committed sex offender, *see* WIS. STAT. § 980.06, appeals from the denial of his petition for a writ of habeas corpus. The district court issued a certificate of appealability for Parrish's claim that his continued detention based on a

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

revised diagnosis of antisocial personality disorder violates his right to due process. Parrish did not timely file his notice of appeal, however, so we dismiss the appeal.

At the time of his civil commitment in 2000, Parrish had been diagnosed with antisocial personality disorder and borderline personality disorder, and had recently finished serving a sentence for first-degree sexual assault. He filed a petition under 28 U.S.C. § 2254 challenging, among other things, counsel's performance and the sufficiency of the evidence underlying the civil commitment, but he was unsuccessful. *Parrish v. Wis. Dept. of Health & Family Svcs.*, No. 03-C-119 (E.D. Wis. Feb. 27, 2003). In the years since his commitment, Parrish's medical condition has been reassessed yearly. *See* Wis. Stat. § 980.07. A psychologist retained by the state to evaluate Parrish in 2009 concluded that he no longer suffered from borderline personality disorder but still had antisocial personality disorder and remained likely to be sexually violent. Seizing on this change in diagnosis, Parrish unsuccessfully petitioned under § 980.09 for discharge. *State v. Parrish*, No. 98-CI-12 (Milwaukee Cnty. Cir. Ct. Dec. 4, 2009), *aff'd*, No. 2010AP809 (Wis. Ct. App. Feb. 15, 2011). He then filed this § 2254 action contesting his ongoing commitment.

Parrish's notice of appeal arrived at the district court by mail 19 days after the filing deadline, and his motion for an extension of time was denied by the court. *See* FED. R. APP. P. 4(a)(1)(A), (a)(5). But the appeal is timely, Parrish says, because of the mailbox rule. The institution where Parrish is confined has an internal mail system, and the mailbox rule provides that a notice of appeal is deemed filed with the clerk of this court on the day it was deposited in the prison's mail system with first-class postage prepaid (mail systems specifically for legal mail are treated differently, but Parrish's facility does not appear to have a special legal-mail system). FED. R. APP. P. 4(c)(1); *United States v. Craig*, 368 F.3d 738, 740 (7th Cir. 2004). To demonstrate compliance, Parrish submitted a declaration, *see* 28 U.S.C. § 1746, stating that he deposited his notice of appeal in the prison mail system with postage prepaid two days before the deadline. Yet he also tendered a copy of his request that the postage be paid from his trust account, along with a letter from the facility director explaining that prison staff, without informing Parrish, had delayed mailing his notice of appeal for three weeks because there was not enough money in his account. The state then submitted a record of the activity in Parrish's account, which confirmed the information in the director's letter (although, oddly, that record also shows that Parrish was allowed to overdraw his account for copying charges, which the state does not explain).

Parrish's failure to pay for postage on time dooms this appeal. Although he declared that the postage had been prepaid when he deposited his notice of appeal in the prison mail system, the director's letter and the record of his trust account show otherwise. These documents establish that, when Parrish deposited the notice of appeal in the prison's mail system, he had not yet affixed a stamp and was relying on staff to meter the envelope and

withdraw the amount needed from his account—which had inadequate funds to cover the postage. Nor does Parrish say that he requested a loan to pay for the postage. *See* WIS. ADMIN. CODE DOC § 309.51. We have explained previously the importance of strictly enforcing the postage requirement: "If we allowed prisoners to file declarations under Rule 4(c)(1) and assert a blanket statement that 'postage has been prepaid' without verifying that they have the funds or the entitlement to do so, we would give them our stamp of approval to violate the timeliness requirement of the Rule." *Ingram v. Jones*, 507 F.3d 640, 645 (7th Cir. 2007); *see also Craig*, 368 F.3d at 740 ("The postage requirement is important: mail bearing a stamp gets going, but an unstamped document may linger."). Because Parrish did not pay for postage before the notice of appeal was due, this appeal is

DISMISSED.