NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2013[*]
Decided January 23, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3226

| | |
|---|---|
| GEORGE E. CALHOUN, JR., *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 09 C 4238 |
| MICHAEL MYATT, *Defendant-Appellee.* | Blanche M. Manning, *Judge.* |

**O R D E R**

George Calhoun, Jr., appeals the adverse judgment entered in this civil-rights suit claiming that Michael Myatt, a guard at the Cook County Department of Corrections, beat him without provocation while he was a pretrial detainee at the facility. We dismiss the appeal for lack of appellate jurisdiction.

---

[*]After examining the parties' briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Calhoun had filed a grievance on June 16, 2009, complaining that Myatt assaulted and injured him. Eight days later, without waiting for his grievance to be answered, Calhoun filed a complaint about the incident under 42 U.S.C. § 1983. The district court eventually granted summary judgment for Myatt on the ground that undisputed evidence establishes that Calhoun failed to exhaust his administrative remedies before filing suit. See 42 U.S.C. § 1997e(a).

Calhoun challenges the district court's conclusion, but Myatt counters with two threshold concerns that prevent us from reaching the exhaustion issue. First, Myatt argues that Calhoun failed to file his notice of appeal within 30 days of the entry of judgment. See FED. R. APP. P. 4(a)(1). The district court received Calhoun's notice of appeal six days after the deadline, and so we directed him to tell us whether he satisfied the requirements of the mailbox rule, see FED. R. APP. P. 4(c). If he did, then his appeal would be timely. We also informed him that he could ask the district court to extend the deadline for filing a notice of appeal, see FED. R. APP. P. 4(a)(5), but he did not take the hint. Calhoun replied to our order by arguing instead that his notice of appeal was timely because, although he had placed it in the jail's internal-mail system three days after the deadline expired, he was late only because he overlooked the need to buy stamps and could not obtain any before the last pickup by the postal service on Friday, September 23 (the thirtieth day). At that point, we decided to allow briefing to proceed, but we directed Calhoun to address in his brief all of the steps he took to comply with the mailbox rule.

To obtain the advantage of the mailbox rule, Calhoun was required to *deposit* his notice of appeal in the jail's mail system with prepaid postage on or before the thirtieth day after the entry of judgment. See FED. R. APP. P. 4(c); *Ingram v. Jones,* 507 F.3d 640, 643–44 (7th Cir. 2007). It is clear from his brief that he did not do so. He was three days late. He urges us to overlook this tardiness because, he says, he lacked postage when the postal service picked up the mail on September 23. But rule recognizes no such excuse. It makes no difference if, as Calhoun insists, the postal service does not retrieve mail from the jail after 9:00 a.m. on Friday until 9:00 a.m. on Monday. The mailbox rule is not concerned with the postal service's collection schedule. Calhoun could have met the deadline by depositing his notice of appeal in the *jail's* mail system with correct postage on September 23. Instead he waited until the following Monday—three days past the deadline—to do so.

Calhoun admits that he got stamps from the commissary during the day on September 23. He has never suggested that he tried to deposit his notice of appeal in the jail's mailbox after 9:00 a.m. that Friday but was thwarted somehow, perhaps by being told that he would have to keep it until pickups resumed Monday morning. Even if that is what Calhoun means to imply, his explanation that he was unaware of the need for stamps until

shortly before the deadline is not plausible. Calhoun concedes knowing from prior requests that jail administrators would not cover the postage for his legal mail, and so he must have anticipated the obligation to buy his own stamps to mail his notice of appeal. Calhoun rationalizes his lack of diligence by noting that he was confined in a wing of the jail where commissary orders are delivered only on Fridays, but *four* Fridays (not including September 23) had passed between the date of the final judgment and the deadline for depositing his notice of appeal. Calhoun has submitted records of his commissary purchases and trust-fund balances, and these records show that he had money and bought other items but apparently not stamps. A prisoner or other detainee must comply with the mailbox rule to reap its benefits. *Ingram,* 507 F.3d at 644–46; see also *Cannon v. Washington,* 418 F.3d 714, 718 (7th Cir. 2005) (concluding that mailbox rule did not rescue filing placed in prison mail before deadline but without sufficient postage); *United States v. Craig,* 368 F.3d 738, 740 (7th Cir. 2004) (noting importance of mailbox rule's postage requirement). And we have warned litigants that when they "wait until the last minute to comply with a deadline, they are playing with fire." *Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir. 1996). Because he missed the deadline for depositing his notice of appeal in the jail's internal-mail system, Calhoun's appeal is untimely.

Myatt offers a second independent reason for dismissing Calhoun's appeal: he asserts that Calhoun's opening brief ignores the district court's analysis and thus fails to comply with Federal Rule of Appellate Procedure 28(a)(9)(A). We agree. On the one page of his brief dedicated to the question of exhaustion, Calhoun declares that he did exhaust his administrative remedies and recounts the process he followed. But he does not confront the district court's assessment that these steps were not enough to comply with the jail's established grievance procedure, and thus was not enough to satisfy § 1997e(a). See *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006). Calhoun's brief lacks any semblance of an argument about why the district court should have accepted his characterization of the grievance procedure over Myatt's. Although we liberally construe pro se submissions, Rule 28(a)(9)(A) requires that all appellate briefs, even those from a nonlawyer, include "more than a generalized assertion of error with citations to supporting authority." *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). Calhoun's brief falls short, which is a second reason that his appeal must be dismissed.

Accordingly, the appeal is **DISMISSED**. Calhoun's motion for appointment of counsel is **DENIED**.