**Jose Carlos ARCE, Petitioner–Appellant,**

v.

**INDIANA PAROLE BOARD, Respondent–Appellee.**

No. 14–2733.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 10, 2015.[*]

Decided March 12, 2015.

---

[*] After examining the briefs and record, we have concluded that oral argument is unnec-

Jose Carlos Arce, Plainfield, IN, pro se.

Kyle Hunter, Attorney, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before FRANK H. EASTERBROOK, Circuit Judge, KENNETH F. RIPPLE, Circuit Judge, ANN CLAIRE WILLIAMS, Circuit Judge.

## ORDER

Before Jose Arce was released on parole, a hearing officer at his Indiana prison found him guilty of disorderly conduct. He was sanctioned with 60 days' lost good time, demotion in good-time earning status, and lost commissary privileges. After exhausting his administrative appeals, Arce petitioned for a writ of habeas corpus, *see* 28 U.S.C. § 2254, contending that he had been punished without due process. The district court denied that petition, and we affirm.

Guards confiscated a pillow from Arce's cell during a routine shakedown. Arce notified one of the guards that he was medically authorized to have the pillow and asked for its return. If the pillow would not be returned, Arce added, he wanted the guard to prepare a "Notice of Confiscated Property." When asked for his paperwork authorizing the pillow, Arce began yelling. Sergeant Manning arrived and ordered the guards to handcuff Arce, who was taken to segregation and written up for disorderly conduct.

At his disciplinary hearing, Arce tendered a written statement denying yelling at the guard named in the conduct report but admitting having yelled at Sergeant Manning. It was the sergeant's fault, Arce insisted, for provoking him. Witness statements from three guards and another inmate confirmed that Arce had yelled. The incident had been captured by the prison's surveillance system, and a written summary of the video (prepared by the hearing officer) was submitted as evidence. That summary describes Arce first talking and then yelling, which continued as the guards escorted him from the housing unit. The hearing officer concluded that Arce was guilty and gave this explanation for the decision: "DHO has considered all evidence to include offender statement, photo, confiscation slip, witness statements, video review, staff reports, and finds Arce ... guilty of 236 B disorderly conduct."

In his § 2254 petition Arce asserted that the hearing officer failed to explain the guilty verdict adequately, in particular the decision not to credit Arce's version of events. Arce also insisted that his right to due process under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), had been violated when prison administrators kept him from watching the surveillance video, which, he said, includes "exculpatory" scenes not described in the written summary. He further alleged that his right to due process had been violated because he did not receive a copy of the hearing officer's report on the day of the hearing, in violation of Department of Corrections policy. The district court rejected all of these contentions.

Arce appeals, but before reaching the merits we must determine whether his release from prison moots this case. The parties' appellate briefs do not tell us when Arce's parole began, when it will end if he is still on parole, or whether that end date

essary. Thus the appeal is submitted on the briefs and record. *See* FED. R.APP. P. 34(a)(2)(C).

could be affected by the disposition of this appeal. That is problematic because, without that information, we could not tell whether Arce has "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction," necessary for his suit to be maintained. *See Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). We thus ordered the parties to provide supplemental memoranda to fill that information gap. We know now that Arce's parole is scheduled to end on October 18, 2016, and that a favorable decision could shorten Arce's term of parole by restoring his good time. Thus, this case presents a live case or controversy, *see White v. Indiana Parole Board,* 266 F.3d 759, 763 (7th Cir.2001), and we proceed to the merits.

On appeal Arce maintains that the hearing officer's written statement does not adequately detail the pertinent evidence or explain the decision. According to Arce the hearing officer was required to explain why his asserted defense—that Sergeant Manning had provoked him into yelling—was rejected.

To satisfy *Wolff v. McDonnell,* 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the required detail for a hearing officer's written statement "will vary from case to case depending on the severity of the charges and the complexity of the factual circumstances and proof offered by both sides." *Culbert v. Young,* 834 F.2d 624, 631 (7th Cir.1987). And when "there is no mystery" about the decision maker's reasoning process, even a written statement of "extreme brevity" will not be "so deficient as to create error of constitutional magnitude." *Saenz v. Young,* 811 F.2d 1172, 1174 (7th Cir.1987). Here, every piece of evidence confirmed that Arce had been disorderly. And the hearing officer did not need to respond to Arce's purported defense because provocation does not excuse disorderly conduct. *See Jones v. Cross,* 637 F.3d 841, 848 (7th Cir.2011) (noting that inmates do not have constitutional right to raise self-defense when accused of misconduct); *Scruggs v. Jordan,* 485 F.3d 934, 938–39 (7th Cir.2007) (same); *Rowe v. DeBruyn,* 17 F.3d 1047, 1052–53 (7th Cir.1994) (same).

Arce next contends that prison administrators denied him access to exculpatory evidence by forbidding him from viewing the surveillance video. He says that the video would have revealed that Sergeant Manning goaded him into yelling. The nondisclosure, he insists, violated *Brady,* but that contention is frivolous. Although *Brady* compels disclosure of material exculpatory evidence to inmates facing disciplinary charges, *Jones,* 637 F.3d at 847; *Piggie v. Cotton,* 344 F.3d 674, 678 (7th Cir.2003); *Chavis v. Rowe,* 643 F.2d 1281, 1285–86 (7th Cir.1981), prison administrators need not provide irrelevant or inculpatory evidence, *Jones,* 637 F.3d at 848; *Scruggs,* 485 F.3d at 939–40. Because Sergeant Manning's demeanor was irrelevant, the prison was not required to show the video to Arce.

Last, Arce contends that the prison administrators violated his due process rights as well as the prison system's internal policy by failing to provide him with a copy of his hearing report in a timely manner. Arce first stresses that he did not receive a copy of the report until thirty days after it had been issued, well after the deadline for filing an administrative appeal. That the prison may have violated its own policy on this issue is irrelevant for purposes of § 2254. *See Jones,* 637 F.3d at 846; *Rowe,* 17 F.3d at 1052; *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir.1988) (en banc). *Wolff* does not require same-day written decisions. *See Wolff,* 418 U.S. at 565, 94 S.Ct. 2963.

*Wolff* does require that hearing reports be provided promptly enough that inmates are not at a "disadvantage in propounding [their] own cause." *Id.* Here, Arce has not demonstrated that he suffered any disadvantage because of the delayed receipt of his hearing report. There is no indication that he was not able to exhaust fully his administrative remedies and present his case. Without a showing that he was harmed by the delay, he cannot, on this record, show that any violation of *Wolff's* mandate was anything other than harmless error. *See Jones*, 637 F.3d at 846.

AFFIRMED